NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELIVERY EXPRESS INC., | No. 16-35543 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05842-BHS |
| v. | |
| JOEL SACKS, in his capacity as the Director of Washington State Department of Labor & Industries, an agency of the executive department of the State of Washington; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 8, 2018**
Seattle, Washington

Before: GOULD and IKUTA, Circuit Judges, and FREUDENTHAL,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Nancy D. Freudenthal, United States District Judge for
the District of Wyoming, sitting by designation.

The Washington State Department of Labor and Industries (DOLI) imposed workers' compensation premiums and penalties for violations of workers' compensation laws on Delivery Express Inc. (DEI). DEI then brought a declaratory judgment action claiming that the workers' compensation laws in Washington State, codified in Title 51 of the Revised Code of Washington, are pre-empted by the Federal Aviation Administration Authorization Act (FAAAA), which prevents states from "enact[ing] or enforc[ing] any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." 49 U.S.C. § 14501(b)(1). The district court granted summary judgment to DOLI, concluding that the workers' compensation laws are not pre-empted. We affirm.

We have held that where a challenged law does not directly refer to rates routes or services, the relevant question is "whether the provision, directly or indirectly, *binds* the carrier to a particular price, route or service and thereby interferes with the competitive market forces in the industry." *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 646 (9th Cir. 2014) (citation omitted). "[G]enerally applicable background regulations that are several steps removed from prices, routes, or services" are not pre-empted by the FAAAA, "even if they raise the overall cost of doing business or require a carrier to re-direct or reroute some equipment." *Id*.

2

In *Dilts* we held that California meal and rest break provisions were not pre-empted. *Id.* at 647. Similarly, in *Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998), we held that California prevailing wage laws were not pre-empted. *Id.* at 1189. The workers' compensation law challenged here is not meaningfully distinguishable from the meal and rest break provisions in *Dilts*, or the prevailing wage law in *Mendonca*. The Washington workers' compensation law is a generally applicable background provision that applies across many industries. It makes no references to rates, routes, or services. And any incidental effect that it has on rates, routes, or services is remote at best. Such generally applicable employment laws that operate "several steps removed from prices, routes, or services" do not interfere with Congress's deregulatory goals, because they create a level playing field in which competitive market forces can operate. *See Dilts*, 769 F.3d at 646, 649; *Mendonca*, 152 F.3d at 1189.

DEI also argues that the workers' compensation law is pre-empted because it creates a "patchwork" of different state regulations, and that this is contrary to the purpose of the FAAAA. We have rejected this argument in the past, and held that the prohibition on patchwork laws only relates to laws that are otherwise sufficiently related to prices, routes, or services. *Dilts*, 769 F.3d at 647 ("The fact

3

that laws may differ from state to state is not, on its own, cause for FAAAA preemption.").[1] That same principle applies here.

**AFFIRMED.**

---

[1] Appellees' Motion to Take Judicial Notice (Dkt. 22) is DENIED.